IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 10-360-SLR |
| ) | Del. Crim. No. 0709007937 |
| LEROY HEFLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 16th day of July, 2010, having reviewed the case removed from the Superior Court of the State of Delaware in and for Kent County;

IT IS ORDERED that the case is summarily remanded to the Superior Court of the State of Delaware in and for Kent County, for the reasons that follow:

1. **Background**. On April 28, 2010, defendant Leroy Hefley ("defendant") filed a notice of removal, pursuant to 28 U.S.C. § 1446, from the Superior Court of the State of Delaware in and for Kent County ("Superior Court"). (D.I. 2.) He appears pro se and has been granted leave to proceed in forma pauperis. Defendant was charged with disorderly conduct, terroristic threatening, criminal misconduct, and harassment, and convicted in November 2007. In December 2007, he appealed the finding of guilt from the Delaware Court of Common Pleas to the Superior Court and, on November 18, 2007, the Superior Court affirmed the guilty verdict. Defendant appealed to the Delaware Supreme Court and the appeal was dismissed on May 27, 2009. Next, defendant filed a motion for post-conviction relief in the Superior Court on July 29, 2009. The motion was summarily dismissed as procedurally barred. Defendant

appealed to the Delaware Supreme Court and, on January 15, 2010, it affirmed the dismissal. On February 5, 2010, defendant filed a notice of appeal of a January 26, 2010 decision from the Court of Common Pleas to the Superior Court asserting violations of his constitutional rights; the appeal was pending in the Superior Court as of the date of the removal. (D.I. 2, exs. Notice of Appeal, Super. Ct. Crim. Docket)

2. Defendant seeks removal on the grounds that the State Courts are not objective, and are racist and biased. He alleges that he cannot receive a fair trial in the Superior Court because the Supreme Court "rubbers stamps" Superior Court rulings and this gives the Court of Common Pleas and the Superior Court license to "do anything w[h]ether legal or illegal, constitutional or unconstitutional, because no one is watching." (D.I. 2)

3. **Standard of Review.** In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

4. **Discussion.** Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States

for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

  5. Defendant alleges that he has been discriminated against on the basis of race. Hence, although alleged very generally, the allegation may provide a basis for this court's proposed exercise of subject matter jurisdiction. Defendant must also show, however, that he cannot enforce his asserted rights in state court. *In re Weddington*, Civ. No. 08-62, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The rights to which defendant refers appear to be various constitutional rights and his right to appeal. As evidenced by the criminal

docket, defendant has taken advantage of his right to appeal on numerous occasions. Indeed, it is evident from the criminal docket that the right to appeal is certainly enforceable in state court and he has raised constitutional claims in his state proceedings. It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-20.

6. Finally, under 42 U.S.C. § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States District Court may enter an order granting defendant leave to file the notice at a later time. Defendant has been tried and convicted. Hence, the notice is untimely and his failure to timely file his notice of removal renders the removal procedurally defective. Finally, the court finds that defendant has not shown good cause for his failure to timely remove the case.

7. **Conclusion**. For the above reasons, the court will summarily remand the case to the Superior Court.

_____
UNITED STATES DISTRICT JUDGE